```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF TEXAS
                    FORT WORTH DIVISION
```

TYRONE EUGENE GEORGE,              §
                                   §
         Petitioner,               §
                                   §
v.                                 §         No. 4:14-CV-851-Y
                                   §
WILLIAM STEPHENS, Director,        §
Texas Department of Criminal       §
Justice, Correctional              §
Institutions Division,             §
                                   §
         Respondent.               §

**OPINION AND ORDER**

Before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Tyrone Eugene George, a state prisoner, against William Stephens, director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ), Respondent.

After having considered the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed, in part, for failure to exhaust state remedies and, in part, denied.

**I. FACTUAL AND PROCEDURAL HISTORY**

In October 2012 Petitioner was indicted in Tarrant County, Texas, Case No. 1296783D, for unlawfully carrying a weapon on a licensed premises, Speedway Grocery, on September 12, 2012. (Adm. R., WR-81,511-01, 41, ECF No. 13-1.) The indictment also included a repeat-offender paragraph alleging a prior 1996 robbery

conviction. (*Id.* at 84.) On February 4, 2013, Petitioner waived his right to a jury trial and entered an open plea of guilty to the offense and a plea of true to the repeat-offender allegation. (*Id.* at 42-47.) On May 10, 2013, following preparation of a presentence investigation report, the trial court sentenced Petitioner to ten years' confinement, suspended the sentence, and placed him on five years' community supervision. (*Id.* at 48-53.) On October 18, 2013, the state filed a petition to revoke Petitioner's supervision on the grounds that Petitioner violated its conditions by being unsuccessfully discharged from the Substance Abuse Felony Punishment Facility (SAFPF). (*Id.* at 55-56.) On January 10, 2014, pursuant to a plea agreement, Petitioner pleaded true to the violation, and the trial court revoked his supervision and sentenced him to three years' confinement. (*Id.* at 57-62.) Petitioner filed a state habeas application, raising one or more of the claims presented here, which was denied without written order by the Texas Court of Criminal Appeals on the findings of the trial court. (Admin. R., WR-81,511-01, ECF No. 13-2.) This federal habeas petition followed.

## II. ISSUES

Generally, petitioner raises the following grounds for habeas relief:

    (1) Wrongful conviction,
    (2) False imprisonment,
    (3) Ineffective assistance of counsel,

2

```
(4) Failure to indict,
(5) False charge,
(6) Double jeopardy, and
(7) Due process violation.
```

(Pet. 6, ECF No. 1.[1])

### III. RULE 5 STATEMENT

Respondent admits that Petitioner has sufficiently exhausted his state remedies as to grounds one, four, five and seven and that the petition is neither barred by limitations nor subject to the successive-petition bar. But Respondent contends that Petitioner's grounds two, three, and six are unexhausted and procedurally barred. (Resp't's Answer 4, ECF No. 25.)

### IV. EXHAUSTION

Applicants seeking habeas-corpus relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief. 28 U.S.C. § 2254(b)(1); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest court of the state on direct appeal or in state post-conviction proceedings. *O'Sullivan v. Boerckel*,

---

[1] This case was transferred to this Court from the Galveston division of the Southern District of Texas. Petitioner's grounds three through seven are found in the pleadings filed in the Galveston division entitled "Additional Grounds Petitioner Requests Action by this Honorable Court" and "Amended Complaint." (George v. Stephens, Civil Action No. 3:14-CV-327, ECF Nos. 7 & 13.) Although the Galveston case docket indicates that these documents were forwarded to this Court, the documents were either not received or not docketed in this cause by the clerk of Court.

3

526 U.S. 838, 842-48 (1999); *Fisher*, 169 F.3d at 302; *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). The exhaustion requirement is "not satisfied if the petitioner presents new legal theories or factual claims in his federal habeas petition." *Reed v. Stephens,* 739 F.3d 753, 780 (5th Cir. 2014) (quoting *Anderson v. Johnson,* 338 F.3d 382, 386 (5th Cir. 2003)).

In Texas, the highest state court for criminal matters is the Texas Court of Criminal Appeals. *Richardson v. Procunier*, 762 F.2d 429, 431-32 (5th Cir. 1985). Therefore, as a general rule, a Texas prisoner may satisfy the federal exhaustion requirement by presenting both the factual and legal substance of a claim to the Texas Court of Criminal Appeals in either a petition for discretionary review or a state habeas post-conviction proceeding under article 11.07 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. Ann. art. 11.07 (West 2015); *Depuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).

Petitioner did not directly appeal the trial court's judgments in this case; thus it was necessary that he raise his claims in a properly filed state habeas application under article 11.07 of the Texas Code of Criminal Procedure. Having reviewed the claims raised by Petitioner in his state habeas application, the Court agrees that grounds two, three, and six in this federal petition do not sufficiently correspond to any grounds raised in Petitioner's state application. Accordingly, grounds two, three, and six, raised for

4

the first time in this federal petition, are unexhausted for purposes § 2254(b)(1)(A).

Under the Texas abuse-of-the-writ doctrine, however, Petitioner cannot now return to state court for purposes of exhausting the claims. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4(a)-(c). The abuse-of-the-writ doctrine represents an adequate state procedural bar to federal habeas review. *See Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997). Therefore, and absent a showing of cause and prejudice or actual innocence, Petitioner's grounds two, three, and six are unexhausted and procedurally barred from this Court's review. See *McQuiggin v. Perkins,* 133 S. Ct. 1924, 1928 (2013). Accordingly, the discussion below applies only to grounds one, four, five and seven.

## V. DISCUSSION

### A. Legal Standard for Granting Habeas-Corpus Relief

A § 2254 habeas petition is governed by the heightened standard of review provided for by the Anti-Terrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2254. Under the Act, a writ of habeas corpus should be granted only if a state court arrives at a decision that is contrary to or an unreasonable application of clearly established Supreme Court precedent or that is based on an unreasonable determination of the facts in light of the record before the state court. *Harrington v. Richter,* 562 U.S. 86, 100-01

5

(2011); 28 U.S.C. § 2254(d)(1)-(2). This standard is difficult to meet and barely "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings." *Harrington*, 562 U.S. at 102.

Additionally, the statute requires that federal courts give great deference to a state court's factual findings. *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *Williams v. Taylor*, 529 U.S. 362, 399 (2000). Typically, when the Texas Court of Criminal Appeals denies relief in a state habeas-corpus application without written opinion, as in this case, it is an adjudication on the merits, which is entitled to the presumption. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). Under these circumstances, a federal court may assume the state court applied correct standards of federal law to the facts, unless there is evidence that an incorrect standard was applied, and infer fact findings consistent with the state court's disposition. *Townsend v. Sain,* 372 U.S. 293, 314 (1963)[2]; *Catalan v. Cockrell,*

---

[2]The standards of *Townsend v. Sain* have been incorporated into 28 U.S.C. § 2254(d). *Harris v. Oliver*, 645 F.2d 327, 330 n.2 (5th Cir. 1981).

6

315 F.3d 491, 493 n.3 (5th Cir.2002); *Valdez v. Cockrell,* 274 F.3d 941, 948 n.11 (5th Cir. 2001). With these principles in mind, the Court addresses Petitioner's claims.

**B. Petitioner's Grounds**

Although Petitioner's grounds for relief are somewhat vague and ambiguous, they can be construed as follows: he was wrongfully convicted because "the charge [for which he was on probation] was apparently dismissed"; he was never indicted on the charge for which he is confined; the charge is false because the state claims the holding offense "arose" on August 5, 2013, when he was in the SAFPF facility; and he was subjected to due-process violations because he was already incarcerated on August 5, 2013, was never arrested on the charge, and the charge is different than the charge on which he made bail.

The state habeas judge, who also presided over the original plea proceedings and the revocation proceedings, adopted the state's proposed memorandum, findings of fact, and conclusions of law, including the following relevant factual findings:

*Offense*

5. Applicant is currently serving a sentence for the offense of unlawful carrying of a weapon on a licensed premises that was committed on September 12, 2012.

6. The Indictment, Judgment, and Judgment Revoking Community Supervision allege that Applicant committed the offense of unlawful carrying of a weapon on a licensed premises on September 12, 2012.

7

7. The Fort Worth Police Department Incident Report regarding Applicant's arrest alleges that Applicant committed the offense of unlawful carrying of a weapon on a premises licensed to sell alcohol on September 12, 2012.

8. Applicant was initially arraigned for committed [sic] the offense of unlawful carrying of a weapon on a premises licensed to sell alcohol on September 12, 2012.

9. Applicant is currently serving the sentence for the offense for which he was convicted.

10. The charge that sent Applicant to prison is the same charge as the one for which he was placed on probation.

11. Applicant was on probation, arrested, and indicted for the offense that he is now in prison for.

12. The charge for which Applicant was placed on probation has not been dismissed.

13. Applicant has been sentenced to prison for [the] offense that he pled to and was convicted.

Based on its findings, the court concluded and recommended that Petitioner's grounds for relief be denied. (Adm. R., WR-81,511-01, 34-37, ECF No. 13-1 (record references omitted).) The Texas Court of Criminal Appeals, in turn, denied relief based on those findings.

Petitioner has failed to rebut the state courts' factual findings by clear and convincing evidence. And, deferring to those findings, Petitioner has failed to show that the state courts' denial of his claims is contrary to or involves an unreasonable application of clearly established Supreme Court precedent or that the state courts' denial of his claims is unreasonable in light of the record. The record itself refutes most, if not all, of

8

Petitioner's grounds. Furthermore, Petitioner's claims primarily raise questions of state law, not federal constitutional law. Such claims fail to present a basis for federal habeas corpus relief. *Estelle v. McGuire,* 502 U.S. 62, 67 (1991).

For the reasons discussed the Court DENIES Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and DENIES a certificate of appealability.

SIGNED March 29, 2016.

> TERRY R. MEANS
> UNITED STATES DISTRICT JUDGE